[PHILADELPHIA, JANUARY 25, 1830.]

## STOUT and others *against* The COMMONWEALTH.

### IN ERROR.

A suit upon an administration bond, may be arbitrated under the act of the 20th of *March*, 1810.

If a party appear by counsel before arbitrators, and do not object to the want of proof of the service of the rule to arbitrate, at the time of their appointment, he cannot avail himself of the objection, on a writ of error.

WRIT of error to the Court of Common Pleas of *Northampton* county.

In the court below, this was an action of debt on an administration bond, brought in the name of the Commonwealth of *Pennsylvania* against *John Stout, Caspar Mersh,* and *Henry Miller.* . The declaration was in the common form, in debt on a bond, dated the 19th of *February,* 1824, in the penalty of six hundred dollars. The defendant craved oyer of the writing obligatory, and the condition thereof, which was granted in *hæc verba.* The bond, a copy of which was filed, contained the usual conditions of administration bonds.

The defendants pleaded performance, to which the plaintiff replied, that they had not performed, and set forth several breaches. These breaches were assigned on the 14th of *May,* 1827, and on the same day, the plaintiff entered a rule, declaring a determination to have arbitrators chosen. On the day designated in the rule, arbitrators were chosen, but the defendants did not attend, and no proof was made of the service of the rule on them.

On the 23d of *June,* 1827, the arbitrators made the following report:—

" On the day, and at the place within appointed, the arbitrators within named met, and *John Stout* and *Caspar Mersh,* two of the defendants, appeared by their counsel, *James M. Porter,* Esq. objected to the jurisdiction of the arbitrators, to their being sworn in the case, or taking any cognisance of the matter submitted to them, it being an administration bond, &c. The arbitrators, however, after hearing the objection, proceeded to the investigation of the matters brought before them; and having been duly sworn, according to law, and proof having been made to them by the oath of *John G. Eberts,* of the legal service of notice on all the defendants, they now find for the plaintiff the sum of six hundred dollars, being the penalty in the administration bond, upon which this suit has been brought, together with the costs of suit."

On the return of the record to this court, six errors were assigned in the proceedings below, but on the argument, the points were reduced to the following two:—

(Stout and others *v.* The Commonwealth.)

1. That an action on an administration bond could not be submitted to arbitration, under the act of assembly of the 20th of *March*, 1810.

2. That there was no proof of the service of the rule to arbitrate previous to the appointment of the arbitrators, who were chosen in the absence of the defendants.

*J. M. Porter*, for the plaintiffs in error.

1. Though the first section of the act of assembly of the 20th of *March*, 1810, *Purd. Dig.* 16, declares, that all civil suits may be submitted to arbitration, yet this court has decided, that only those cases are within the purview of the act, in which judgment can be given for a specific sum or thing. *'Jones* v. *Stratton*, 4 *Serg. & Rawle*, 76. In *Mann* v. *Alberti*, 2 *Binn.* 195, it was held, that a cause removed by *Certiorari*, cannot be arbitrated. In *Hill* v. *Crawford*, 8 *Serg. & Rawle*, 477, it was said by *Forward, arguendo*, and not denied by *Foster*, the opposite counsel, that a suit on an official bond is not embraced by the arbitration law. The tenth section of the act of assembly, makes the award of arbitrators a lien on the real estate of the defendant, and it would certainly be very oppressive, if an award for the whole penalty operated as a lien, when only a small sum might be really due. The lien, too, is indefinite, for the act continues it until the award shall be reversed on appeal. The eleventh section directs the prothonotary, if an appeal should not be entered, to issue an execution to carry the award into effect, which cannot be done if the award be for the penalty, which is not the real sum due. If a suit on an administration bond can be arbitrated, the arbitrators must, according to the principles laid down in *Jones* v. *Stratton*, determine every matter in dispute between the parties, and give an award for the amount to which the party complaining is entitled, and not an award for the penalty, which is merely preliminary, and decides nothing.

2. By the third section of the arbitration law, the prothonotary is directed to act for the absent party, but proof must first be made of the service of the rule upon him, which was not done in the present instance. This objection is not obviated by the fact, that two of the defendants appeared before the arbitrators, for they did so only to object to their proceeding in the case; but the third did not appear, and his interests are not to be affected by the appearance of the other two.

The court declined hearing *Scott*, who was to have argued for the defendant in error.

PER CURIAM.—The penalty of an administration bond, is to secure the performance of covenants; but the breaches may as conveniently be tried by arbitrators, as breaches in an action for a penalty in articles of agreement, to which that tribunal is indisputably competent. The celerity with which a lien may be obtained, would be an

(Stout and others *v.* The Commonwealth.)

argument in favour of the jurisdiction. . But the case being plainly within the letter, can be excluded from the purview only by some overpowering circumstance, palpably inconsistent with the scope of the act of assembly, and the principal object in view; nothing of which appears. As to the other exception, want of service of the rule to arbitrate, or what is the same thing, want of proof of it at the time of choosing the arbitrators, was not urged before the arbitrators, although the defendants appeared by counsel; so that having been waived there, it cannot be urged here.

                                    Judgment affirmed.